UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TYRONE L. JONES, </br></br>             Plaintiff, </br></br>     v. </br></br> RICHARD BROWN, et al. </br></br>             Defendants. | ) </br> ) </br> ) </br> ) </br> ) No. 2:20-cv-00074-JPH-MJD </br> ) </br> ) </br> ) </br> ) |

**ORDER GRANTING STATE DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S STATE TORT CLAIMS**

Plaintiff Tyrone Jones brought this civil rights action alleging that the defendants—including several current and former state employees—fired him from his prison job and moved him to "Idle No Pay" status in violation of the United States Constitution and Indiana tort law. The state defendants have moved for partial summary judgment on the state tort claims, arguing that Mr. Jones failed to provide notice of those claims as required by the Indiana Tort Claims Act. The undisputed evidence shows that Mr. Jones failed to provide the required notice, so the state defendants' motion for partial summary judgment is **GRANTED**.

### I.      Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party has met its burden, "the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015). A disputed fact is material if it might affect the outcome of the suit. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

## II.     Summary Judgment Evidence

In March 2019, Mr. Jones worked as an apprentice in the Wabash Valley Correctional Facility sewing shop pursuant to a signed agreement with the Department of Labor. *See* dkt. 66-1 at 51.

On May 15, 2019, the prison's addiction recovery director, Brian Peek, wrote a case note stating that Mr. Jones had opted out of the Recovery While Incarcerated (RWI) program. Dkt. 66-1 at 55. Based on this note, Jacqueline Porter and Andrea Mason moved Mr. Jones to "Idle No Pay" status. *Id.* at 3, 77; *see id.* at 55 (Mr. Peek stating that Mr. Jones would "be placed on [Idle No Pay status] per policy guidelines"). Mr. Jones filed a classification appeal, but defendant Deputy Warden Kevin Gilmore denied it. *Id.* at 5.

In the amended complaint, Mr. Jones doesn't mention the RWI program. He alleges that the sewing shop supervisor, Rocky Padgett, fired him in retaliation after he complained to Warden Richard Brown and Deputy Warden Littlejohn about Mr. Padgett. Dkt. 8 at 2−3, ¶¶ 1−6. Then Mr. Peek wrote the case note, and the rest of the dominos fell as described above. *Id.* at 4−5, ¶ 8−10.

But, in his motion for summary judgment, Mr. Jones doesn't mention the falling out with Mr. Padgett. Indeed, he asserts that he and Mr. Padgett "had a very strong employer/employee relationship" with no signs "that the relationship would become anything but much better over

2

time, as I was one of his best workers that he wholly believed in." Dkt. 66 at 2, ¶ 4. Mr. Jones argues that he lost his job because he "was arbitrarily placed on [Idle No Pay status] due to Defendants intentionally, negligently misreading, misapplying the RWI and [Addiction Recovery Services] policies." *Id.* at 3, ¶ 6.

The Addiction Recovery Services policy provides for disciplinary action when an inmate "refuse[s] to participate in any recommended component" of a prison recovery program. Dkt. 66-1 at 14. This includes "[r]efusal [of] admission to the RWI program." *Id.* Mr. Jones believes the defendants' finding of refusal was wrong for two reasons. First, he was never admitted to RWI; he was only waitlisted. Dkt. 66 at 4−5, ¶¶ 7−8. Second, he did not qualify for RWI because he was already in a program—his Department of Labor apprenticeship. *Id.* at 4, ¶ 6.

Mr. Jones brought this action in February 2020, raising federal constitutional claims and Indiana tort claims. He has not filed a notice of tort claim based on his job loss or his move to Idle No Pay status. Dkt. 79; dkt. 79-1.

### III.   Discussion

Absent exceptions not at issue here, the Indiana Tort Claims Act bars a tort claim against the state of Indiana "unless notice is filed with the attorney general or the state agency involved within two hundred seventy (270) days after the loss occurs." Ind. Code § 34-13-3-6(a). This rule applies to any claim against a public employee "'if the act or omission causing the plaintiff's loss is within the scope of defendant's employment.'" *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000) (quoting *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1049 (Ind. Ct. App. 1992) (emphasis omitted)). A defendant's action is within the scope of employment if it is "of the same general nature" as the kind of work the employee is expected to perform. *Celebration*

3

*Fireworks, Inc.*, 727 N.E.2d at 453. "Even tortious acts may fall within the scope of employment." *Ball v. Jones*, 52 N.E.3d 813, 820 (Ind. Ct. App. 2016).

Mr. Jones does not dispute that he failed to provide notice to the attorney general or Indiana Department of Correction pursuant to the Indiana Tort Claims Act. He argues (in a motion to strike) that no such notice was necessary because the state defendants acted outside the scope of their employment. Dkt. 87 at 1−3, ¶¶ 3−5. But Mr. Jones's allegations and the undisputed evidence show that Mr. Jones's alleged loss was caused by acts or omissions within the scope of the defendants' employment:

- Mr. Peek was the prison's director of addiction recovery. He wrote a case note about Mr. Jones's decision to opt out of an addiction recovery program.

- Ms. Porter was a case manager and counselor. Part of her job was to "[c]oordinate with Classification staff to make appropriate Classification recommendations." Dkt. 66-1 at 73. Ms. Mason was the supervisor of classification. They changed Mr. Jones's classification status.

- Deputy Warden Gilmore and Warden Brown received Mr. Jones's classification appeals. They resolved the appeals.

- Deputy Warden Littlejohn and Warden Brown received complaints from Mr. Jones about the sewing shop but did not resolve the issues.

Regardless of whether the defendants' actions were proper or improper, lawful or unlawful, there is no evidence that they acted outside the scope of their employment. So, Mr. Jones was required to provide a notice of tort claim within 270 days of his alleged loss. Because he failed to do so, the state defendants' motion for partial summary judgment is **GRANTED**.

Mr. Jones's motion to strike, which argues that the defendants acted outside the scope of their employment, is **DENIED**.

## IV. Conclusion

The state defendants' motion for partial summary judgment, dkt. [77], is **GRANTED**. Mr. Jones's Indiana tort claims against defendants Richard Brown, Kevin Gilmore, Brian Peek, Andrea Mason, Jacqueline Porter, and Deputy Warden Littlejohn are **DISMISSED**.

Mr. Jones's motion to strike, dkt. [87], which argues that the defendants acted outside the scope of their employment, is **DENIED**.

**SO ORDERED.**

Date: 9/29/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TYRONE L. JONES
129441
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL
brandyn.arnold@atg.in.gov

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Dennis Francis McCrosson, III
THRASHER, BUSCHMANN & VOELKEL, P.C.
mccrosson@indiana-attorneys.com

Mark W. Rutherford
THRASHER BUSHMANN GRIFFITH & VOELKEL PC
rutherford@indiana-attorneys.com