UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TYRONE L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00074-JPH-MJD |
| ) | |
| RICHARD BROWN, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Tyrone Jones brought this civil rights action alleging that the defendants fired him from his prison job and moved him to "Idle No Pay" status in violation of the United States Constitution and Indiana tort law. Mr. Jones has moved for partial summary judgment on his state tort claims. In the same motion, Mr. Jones asks the Court to reconsider its order dismissing his due process claims and grant partial summary judgment in his favor on those claims. In a separate order issued today, the Court granted partial summary judgment in favor of defendants Richard Brown, Kevin Gilmore, Brian Peek, Andrea Mason, Jacqueline Porter, and Deputy Warden Littlejohn and dismissed Mr. Jones's state tort claims against those defendants. That leaves open Mr. Jones's request for partial summary judgment on his due process claims, as well as his request for partial summary judgment against defendant Rocky Padgett on his state tort claims.

Because Mr. Jones does not allege that the defendants deprived him of life, liberty, or property, the Court declines to reconsider the dismissal of his due process claim. And because Mr. Jones does not point to any evidence in support of his state tort claims against Mr. Padgett, he is not entitled to summary judgment on those claims. Mr. Jones's motion for partial summary judgment therefore must be **DENIED**.

1

## I. Background

In March 2019, Mr. Jones worked as an apprentice in the Wabash Valley Correctional Facility sewing shop pursuant to a signed agreement with the Department of Labor. *See* dkt. 66-1 at 51. He contends that some or all of the defendants caused him to be fired from that job. In the amended complaint, Mr. Jones alleges that defendant Rocky Padgett fired him in retaliation for complaints about conditions at the sewing shop. *See* dkt. 8 at 2−3, ¶¶ 1−6. In his motion for partial summary judgment, Mr. Jones argues he lost the job because defendant Brian Peek wrote a "false case note" about him, causing defendants Jacqueline Porter and Andrea Mason to move him to "Idle No Pay" status. *See* dkt. 66 at 3−7. The motion for partial summary judgment does not mention Mr. Padgett's role in his firing, if any. *See* dkt. 66 at 2 (Mr. Jones asserting that he and Mr. Padgett "had a very strong employer/employee relationship that lasted for many months and there was no sight that the relationship would become anything but much better over time as I was one of his best workers that he wholly believed in"). Nor does Mr. Jones present any evidence about Mr. Padgett's actions. *See generally* dkt. 66-1.

Mr. Jones asserts that he would have earned a sentence reduction after completing the apprenticeship had he not been fired. Dkt. 66 at 2.

## II. Due Process Claims

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." To state a viable due process claim, Mr. Jones must allege that he was deprived of life, liberty, or property. *Beley v. City of Chicago*, 901 F.3d 823, 826 (7th Cir. 2018). The Court dismissed Mr. Jones's due process claims at screening because the amended complaint does not allege that he was deprived of a protected liberty or property interest. Dkt. 10 at 4; *see Soule v. Potts*, 676 F. App'x 585, 586 (7th Cir. 2017) ("The Constitution does not

give prisoners any substantive entitlements to prison employment."); *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests.").

Mr. Jones now argues that he had a liberty interest in the sentence reduction he could have earned by completing his apprenticeship at the sewing shop. Dkt. 66 at 2 ("[F]or a number of years I also built a strong potential liberty interest through work and programming that I may be released from prison sooner."). True, termination from a prison job may deprive an inmate of a liberty interest if the termination "will inevitably affect the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). But "inevitably" is a strong word. *See*, *e.g.*, *Long v. Wondra*, 553 F. App'x 637, 638 (7th Cir. 2014) (finding no liberty interest in early release after completion of substance abuse program, even though plaintiff alleged he had completed 17 weeks of the 26-week program); *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("[T]he successful completion of a program is not inevitable."). Mr. Jones has failed to allege facts that would allow the Court to infer that he would have inevitably completed his apprenticeship. *See Zimmerman*, 226 F.3d at 572 ("The fact that [plaintiff] pleaded that he 'would' have received credit time is merely a legal conclusion devoid of supporting factual allegations and does not withstand a motion to dismiss."). The Court therefore declines to reconsider its order dismissing Mr. Jones's due process claims, and the motion for partial summary judgment on those claims is **DENIED**.

### III.    Tort Claims Against Rocky Padgett

If a party seeks summary judgment on a claim for which it bears the burden of proof at trial, "it must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding

in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. Nat'l Retirement Fund*, 778 F.3d 593, 601 (7th Cir. 2015).

As plaintiff, Mr. Jones bears the burden of proof at trial on his tort claims against Mr. Padgett. But he does not argue in his motion for partial summary judgment that Mr. Padgett had any role in his firing. *See generally* dkt. 66. And the evidence he presents in support of his motion for partial summary judgment does not even mention Mr. Padgett. *See generally* dkt. 66-1. Accordingly, Mr. Jones's motion for partial summary judgment on those claims is **DENIED**.

### IV. Conclusion

Plaintiff Tyrone Jones's motion for partial summary judgment, dkt. [66], is **DENIED**.

**SO ORDERED.**

Date: 9/29/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TYRONE L. JONES
129441
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL
brandyn.arnold@atg.in.gov

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Dennis Francis McCrosson, III
THRASHER, BUSCHMANN & VOELKEL, P.C.
mccrosson@indiana-attorneys.com

Mark W. Rutherford
THRASHER BUSHMANN GRIFFITH & VOELKEL PC
rutherford@indiana-attorneys.com